UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
:
AUGUSTINE RIOS, JR.,                                        :
:
                      Plaintiff,     :
:
          - against -                                     :
:
ALBERTO ALENCASTRO, et al.,                                 :
:
                    Defendants.   :
:
------------------------------------------------------------X

      USDC SDNY
      DOCUMENT
      ELECTRONICALLY FILED
      DOC #:
      DATE FILED: 8/13/2021

21-CV-3678 (VSB)

**ORDER**

<u>VERNON S. BRODERICK</u>, United States District Judge:

      This action, initially filed in the Supreme Court of the State of New York, Bronx County, was removed to this Court on April 26, 2021. (Doc. 1). In the notice of removal, Defendants state that the basis for my subject matter jurisdiction over this action is diversity of citizenship via 28 U.S.C. § 1332, (*id.* ¶ 8). Plaintiff pleads that he is a resident of the Bronx, New York. (Doc. 1-1 ¶ 1). He sues, among others, Defendants Ceva Logistics U.S., Inc., and Ceva Logistics U.S. Holdings, Inc. (together, the "Cevas"), and he pleads facts indicating that the Cevas are citizens of New York for diversity of citizenship purposes. (*See* Doc. 1-1 ¶¶ 20, 29.) Defendants' notice of removal says that Plaintiff is wrong: that there is really just one Ceva, and that both Cevas named by Plaintiff are in fact Ceva Freight, LLC, a Delaware entity with principal place of business in Texas. (Doc. 1 ¶ 11.)

      "[A] statement of the parties' residence is insufficient to establish their citizenship" for purposes of assessing diversity. *Leveraged Leasing Admin. Corp. v. PacifiCorp Capital, Inc.,* 87 F.3d 44, 47 (2d Cir. 1996); *see also Mackason v. Diamond Fin. LLC,* 347 F. Supp. 2d 53, 55 (S.D.N.Y. 2004). And the name Ceva Freight, LLC suggests that it is not a corporation but a

limited liability company, which under 28 U.S.C. § 1332 would render it an unincorporated association whose citizenship for diversity jurisdiction purposes is that of each of its members. Neither Defendants' notice of removal "nor the exhibits appended to it lists the members of [Ceva] or their states of citizenship," which prevents me from inferring that there is complete diversity of citizenship in this action.  *Mitchell v. City Express Limousine, LLC*, 17-CV-04490 (SHS), 2017 WL 2876313, at *3 (S.D.N.Y. July 6, 2017) (citing *United Food & Com. Workers Union, Loc. 919, AFL-CIO v. CenterMark Properties Meriden Square, Inc.*, 30 F.3d 298, 302 (2d Cir. 1994)).  Accordingly, it is hereby:

ORDERED that each party to this action file proof of its citizenship by August 26, 2021. In particular, Plaintiff should file a sworn statement indicating his citizenship at the time of commencement of this action, and Defendant must provide a sworn statement as to whether Ceva is a corporation or a limited liability company; if the latter, Defendant must supply a list of all of Ceva's members and provide all information necessary for me to evaluate their citizenship for the purposes of assessing diversity jurisdiction.

If I am unable to determine my subject matter jurisdiction from the information to be provided by the parties, I will remand this action back to the Supreme Court of the State of New York.  *See* Fed. R. Civ. P. 12(h)(3).

SO ORDERED.

Dated: August 13, 2021
      New York, New York

                                                  Vernon S. Broderick
                                                  United States District Judge